STEPHEN HAVRILLA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Havrilla v. Commissioner
Docket No. 7766-93
United States Tax Court
T.C. Memo 1993-342; 1993 Tax Ct. Memo LEXIS 346; 66 T.C.M. (CCH) 298; August 3, 1993, Filed *346 An appropriate order dismissing the petition and imposing a penalty under section 6673 will be entered. For respondent: Roxanne Conrad. DAWSON, BUCKLEY
DAWSON; BUCKLEY
MEMORANDUM OPINION DAWSON, Judge: This matter was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7443A(b)(4) and Rules 180, 181 and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This matter is before the Court on Respondent's Motion to Dismiss for Failure to State a Claim. Respondent's motion also includes a prayer for the imposition of a penalty pursuant to section 6673. On June 9, 1993, this Court ordered petitioner to file with the Court an amended petition and set respondent's motion for hearing on July 14, 1993. Petitioner did not *347 abide by the Court's Order to file an amended petition. Respondent determined deficiencies in petitioner's Federal income taxes as follows: Year
Deficiency
Additions to tax Sec. 6651(a)
Sec. 6654
1989
$ 9,054.16
$ 1,449.29
$ 366.42
1990
7,657.00
1,087.50
261.41
Respondent's determinations were based upon unreported income as follows: 1989
1990
Income
$ 43,381
$ 39,838
Nonemployee Compensation
800
--
Interest
11
13
Unemployment Compensation
1,494
1,828
In his petition, petitioner alleged that he is a resident of Van Nuys, California. We review the petition filed herein to ascertain if it meets the requirements of our Rules. Rule 34(b) provides in pertinent part that the petition in an action in this Court shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error". The petition fails to raise justiciable error or facts respecting respondent's determinations. Petitioner asserts nothing but *348 frivolous and groundless claims, all of which have been summarily rejected by this Court and others on innumerable occasions. Further, petitioner has been told previously by this Court and by the United States Court of Appeals for the Ninth Circuit that his claims are frivolous. See , affd. without published opinion regarding petitioner's 1987 Federal income taxes and , regarding his 1988 Federal income taxes. The petition states that petitioner is not a taxpayer subject to taxes levied by the United States, that petitioner was not accorded an opportunity to be heard at the administrative level, that petitioner was not engaged in any activity upon which Congress has levied a tax, that information regarding petitioner is arbitrarily maintained by the Internal Revenue Service in a unit identified as the Illegal Tax Protester Program, and that the Internal Revenue Service did not obtain proper clearance numbers from the Office of Management and Budget for information collection *349 requests. Lastly, petitioner contends that he made no reports of any sort which would give the Internal Revenue Service any reason to believe that he received gross taxable income during the 2 years. Lastly, petitioner demands that he wants a Judge appointed under article III to hear his case. Petitioner makes it clear that he failed to file returns for either year in question. He nowhere denies that he received compensation, nonemployee compensation, interest, or unemployment insurance during either year. Our Rule 34(b)(4) provides that "Any issue not raised in the assignment of errors shall be deemed to be conceded." The Code defines gross income as all income from whatever source derived (including but not limited to) compensation for services, interest, and unemployment compensation. affg. ; see also . Petitioner has nowhere denied that he received income within the meaning of section 61; further, he has admitted that he did not file tax returns. Accordingly, *350 we deem these issues conceded. Rule 34(b)(4). This petitioner has filed three petitions with this Court, each and every one of which has been frivolous. We imposed a penalty of $ 3,500 in the first matter concerning his 1987 tax. , affd. . Upon his appeal, the Court of Appeals for the Ninth Circuit affirmed our decision and imposed $ 500 damages as a sanction. We imposed a penalty of $ 5,000 in the case he brought in regard to his 1988 tax, . Petitioner just does not "get it". His claims are frivolous and have obviously been pursued only for purposes of delay. Petitioner had an opportunity to amend his petition in order to state a cause of action, but he chose not to do so. Under these circumstances, we feel required to impose a penalty under the provisions of section 6673. Petitioner is wasting the resources of this Court and those of the Internal Revenue Service. Accordingly, petitioner will be required to pay a penalty of $ 15,000 to the United States under the provisions *351 of section 6673(a)(1). For the reasons above stated, this matter will be dismissed for failure to state a claim upon which relief can be granted. An appropriate order dismissing the petition and imposing a penalty under section 6673 will be entered. Footnotes
1. Section references are to the Internal Revenue Code in effect for the tax years in issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩